```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 2 8 2008
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA     :     INDICTMENT

     -v.-      :     08 Cr.

WILLIAM WOOD,
LEONARD LYTHCOTT,        **08 CRIM 821**
RASHAWN DAVIDSON, and
CARL MOORE,

       Defendants.

- - - - - - - - - - - - - - - - - -x

COUNT ONE

     The Grand Jury charges:

     1. From in or about 2005, up to and including in or
about May 2008, in the Southern District of New York and
elsewhere, WILLIAM WOOD, LEONARD LYTHCOTT, RASHAWN DAVIDSON and
CARL MOORE, the defendants, and others known and unknown,
unlawfully, intentionally, and knowingly, did combine, conspire,
confederate, and agree together and with each other to violate
the narcotics laws of the United States.

     2. It was a part and an object of the conspiracy that
WILLIAM WOOD, LEONARD LYTHCOTT, RASHAWN DAVIDSON and CARL MOORE,
the defendants, and others known and unknown, would and did
distribute and possess with intent to distribute a controlled
substance, to wit, fifty grams and more of mixtures and
substances containing a detectable amount of cocaine base, in a
form commonly known as "crack," in violation of Title 21, United

States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

<u>OVERT ACTS</u>

3.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, were committed in the Southern District of New York:

a.    On or about January 15, 2007, defendants WILLIAM WOOD and RASHAWN DAVIDSON went to an apartment being used as a stash house in the Bronx, New York.

b.    On or about October 9, 2007, defendant RASHAWN DAVIDSON possessed crack.

c.    On or about December 19, 2007, defendant LEONARD LYTHCOTT gave crack to a co-conspirator not named as a defendant herein.

d.    On or about March 25, 2008, defendants RASHAWN DAVIDSON and CARL MOORE sold crack to an undercover police officer.

e.    On or about March 29, 2008, defendants WILLIAM WOOD and RASHAWN DAVIDSON possessed crack in the Bronx, New York.

(Title 21, United States Code, Section 846.)

<u>COUNT TWO</u>

The Grand Jury further charges:

4.    On or about October 9, 2007, in the Southern District of New York, RASHAWN DAVIDSON, the defendant, unlawfully, intentionally, and knowingly did distribute and

possess with intent to distribute a controlled substance, to wit, mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack."

(Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(C) & Title 18, United States Code, Section 2.)

COUNT THREE

The Grand Jury further charges:

5.    On or about March 25, 2008, in the Southern District of New York, RASHAWN DAVIDSON and CARL MOORE, the defendants, unlawfully, intentionally, and knowingly did distribute and possess with intent to distribute a controlled substance, to wit, mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack."

(Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(C) & Title 18, United States Code, Section 2.)

FORFEITURE ALLEGATION

6.    As a result of committing the controlled substance offenses alleged in Counts One through Three of this Indictment, WILLIAM WOOD, LEONARD LYTHCOTT, RASHAWN DAVIDSON and CARL MOORE, the defendants, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds said defendant obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to

3

facilitate the commission of the violations alleged in Counts One through Three of this Indictment.

      7.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      (1) cannot be located upon the exercise of due diligence;

      (2) has been transferred or sold to, or deposited with, a  third person;

      (3) has been placed beyond the jurisdiction of the Court;

      (4) has been substantially diminished in value; or

      (5) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846, and 853.)

_____      _____
Foreperson                      MICHAEL J. GARCIA
                                     United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

**WILLIAM WOOD,**
**LEONARD LYTHCOTT,**
**RASHAWN DAVIDSON,**
**and CARL MOORE,**

Defendants.

**INDICTMENT**

08 Cr.

(21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A),
841(b)(1)(C), and 846; 18 U.S.C. § 2)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

Foreperson.

Filed ndictment. Case assigned to Judge Daniels

SRM
8/28/08

—Francis, J.